The **FEDERAL LABOR RELATIONS AUTHORITY, Petitioner, Cross–Respondent,**

v.

**DEPARTMENT OF THE NAVY, NAVAL RESALE ACTIVITY, NAVAL AIR STATION–MEMPHIS MILLINGTON, TENNESSEE, Respondent, Cross–Petitioner.**

Nos. 91–3450, 91–3510.

United States Court of Appeals, Sixth Circuit.

Argued March 19, 1992.

Decided April 29, 1992.

Rehearing En Banc Denied July 29, 1992.

William E. Persina (briefed), William R. Tobey, Pamela P. Johnson (argued), Federal Labor Relations Authority, Washington, D.C., for petitioner, cross-respondent.

Leonard Schaitman, Sandra Wien Simon (argued and briefed), William Kanter, U.S. Dept. of Justice, Appellate Staff, Civ. Div., Washington, D.C., James A. Confer, Jr., Memphis, Tenn., Richard R. Giacolone, U.S. Dept. of the Navy, Civilian Personnel Management, Norfolk, Va., Linda J. Norwood, Atlanta, Ga., for respondent, cross-petitioner.

Gregory O'Duden (briefed), Elaine Kaplan (argued and briefed), National Treasury Employees Union, Washington, D.C., for National Treasury Employees Union, amicus curiae.

Robert Matisoff (briefed), Brian A. Powers, Allison A. Barrett, O'Donoghue and O'Donoghue, Washington, D.C., for International Broth. of Elec. Workers, Local 26, AFL–CIO, amicus curiae.

Before: JONES and NORRIS, Circuit Judges; and JOINER, Senior District Judge.[*]

_____

* Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation.

ALAN E. NORRIS, Circuit Judge.

This matter is before us on an application for enforcement of an order of the Federal Labor Relations Authority filed by that agency, and a petition for review of that order, filed by the Department of the Navy.

The FLRA's order in Case No. 4–CA–90632, reported at 40 F.L.R.A. (No. 70) 881 (1991), required the Navy to honor the request of a government employees' union to furnish it, as exclusive representative of certain of the Navy's employees, the names and home addresses of all employees in the bargaining unit represented by the union.

Resolving the question of whether the order should be enforced involves consideration of the Federal Service Labor–Management Relations Statute, 5 U.S.C. § 7101 *et seq.*, the Privacy Act, 5 U.S.C. § 552a, and the Freedom of Information Act, 5 U.S.C. § 552. As a result of enforcement actions taken by the FLRA, the same question is being litigated in nearly all the circuits, and there is a division in the views taken in the opinions handed down thus far. As of this writing, three circuit courts have denied enforcement and two have enforced similar orders.

We believe the circuit courts that have denied enforcement of orders requiring disclosure of the information have the better side of the argument. Because so much has been written on the subject, the issuance of a full written opinion by this court would serve little useful purpose. Accordingly, since we conclude that the public interest will best be served by a speedy resolution of the issue, we will not write, but instead adopt the reasoning found in the majority opinions in *FLRA v. United States Dep't of Veterans Affairs*, 958 F.2d 503 (2d Cir.1992); *FLRA v. United States Dep't of Navy*, 941 F.2d 49 (1st Cir.1991); and *FLRA v. Department of the Treasury*, 884 F.2d 1446 (D.C.Cir.1989), *cert. denied*, 493 U.S. 1055, 110 S.Ct. 863, 107 L.Ed.2d 947 (1990).

The petition for review is granted and the application for enforcement is denied.

NATHANIEL R. JONES, Circuit Judge, dissenting.

Unlike my colleagues, I would grant the application for enforcement in this matter for the reasons set forth in the majority opinions in *FLRA v. United States Department of the Navy*, 958 F.2d 1490 (9th Cir. 1992), and *FLRA v. Department of Commerce*, 954 F.2d 994 (4th Cir.1992). Accordingly, I respectfully dissent.