977 F.2d 545
 141 L.R.R.M. (BNA) 2858, 61 USLW 2376
 FEDERAL LABOR RELATIONS AUTHORITY, Petitioner,
v.
U.S. DEPARTMENT OF DEFENSE, U.S. Department of the Navy,
Pensacola Navy Exchange, Pensacola, Florida, Respondent.
U.S. DEPARTMENT OF DEFENSE, U.S. Department of the Navy,
Pensacola Navy Exchange, Pensacola, Florida, Petitioner,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent.
 Nos. 90-3893, 90-3966.
 United States Court of Appeals,
Eleventh Circuit.
 Nov. 18, 1992.
 
 Pamela P. Johnson, William E. Persina and William R. Tobey, Federal Labor Relations Authority, Washington, D.C., for Federal Labor Relations Authority.
 Sandra Wien Simon, Leonard Schaitman, and Lori M. Beranek, U.S. Dept. of Justice, Appellate Staff/Civ. Div., Washington, D.C., for U.S. Dept. of Defense, U.S. Dept. of Navy and Pensacola Navy Exchange.
 Gregory O'Duden, Director of Litigation and Elaine Kaplan, Washington, D.C., for amicus, Nat. Treasury Employees Union.
 Petition for Review of an Order and Application for Enforcement of the Federal Labor Relations Authority.
 Before FAY and EDMONDSON, Circuit Judges, and ATKINS*, Senior District Judge.
 EDMONDSON, Circuit Judge:
 
 
 1
 This case is about the privacy interests of federal government employees. The question presented is whether federal agencies are required by statute to release employees' home addresses to unions, which are the employees' exclusive representatives, without the employees' consent.
 
 
 2
 In 1988, the United Food and Commercial Workers Union asked that the Department of the Navy's Pensacola Naval Exchange (Naval Exchange) provide a list of the names and home addresses of all employees in the bargaining unit. The union already had addresses of union members but wanted the addresses of nonmembers in the relevant bargaining unit to communicate with them; the union is responsible for representing the interests of all employees in its bargaining unit without regard to labor organization membership. See 5 U.S.C. § 7114(a)(1).
 
 
 3
 When the Naval Exchange refused, the union filed unfair labor practice charges against the Department of Defense, the Department of the Navy, and the Naval Exchange.[1] The case went to an administrative law judge (ALJ), who granted summary judgment in favor of the union.
 
 
 4
 The FLRA affirmed the ALJ and ordered the Naval Exchange to release the requested information. We granted defendants' petition for review of the FLRA decision and now DENY the FLRA's application for enforcement.
 
 DISCUSSION
 
 5
 The Federal Service Labor Management Relations Statute (Labor Statute) governs collective bargaining in the public sector. See 5 U.S.C. §§ 7101-7135. The statute requires federal agencies to "furnish to the exclusive representative involved, or its authorized representative, upon request and, to the extent not prohibited by law, data which is reasonably available and necessary for proper discussion, understanding, and negotiation of subjects within the scope of collective bargaining." 5 U.S.C. § 7114(b)(4)(B) (emphasis added). We believe the disclosure requested in this case is prohibited by the Privacy Act of 1974 and, by virtue of its incorporation into the Privacy Act, the Freedom of Information Act (FOIA).[2]
 
 
 6
 The Privacy Act of 1974 generally prohibits disclosure of personal information about federal employees without their consent. See 5 U.S.C. § 552a(b). Exceptions to the Privacy Act include disclosures required by FOIA. See 5 U.S.C. § 552a(b)(2). In turn, FOIA itself exempts from disclosure certain information. See 5 U.S.C. § 552(b). At issue in this case is FOIA's exemption 6, which protects "personnel and medical files and similar files"[3] when "a balancing of individual privacy interests against the public interest in disclosure reveals that disclosure of the information constitutes a 'clearly unwarranted invasion of privacy.' " Cochran v. United States, 770 F.2d 949, 955 (11th Cir.1985) (citations omitted); see also 5 U.S.C. § 552(b)(6).
 
 
 7
 The balancing of these interests is guided by the Supreme Court's recent decision in United States Dep't of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). Reporters Committee stressed that "FOIA's central purpose is to ensure that the Government's activities be open to the sharp eye of public scrutiny." Id. at 774, 109 S.Ct. at 1482. In other words, the public interest under FOIA
 
 
 8
 must turn on the nature of the requested document and its relationship to "the basic purpose of the Freedom of Information Act 'to open agency action to the light of public scrutiny.' " ... This basic policy of " 'full agency disclosure unless information is exempted under clearly delineated statutory language' " ... indeed focuses on the citizens' right to be informed about "what their government is up to." Official information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose. That purpose, however, is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct. In this case--and presumably in the typical case in which one private citizen is seeking information about another--the requester does not intend to discover anything about the conduct of the agency that has possession of the requested records. Indeed, response to this request would not shed any light on the conduct of any Government agency or official.
 
 
 9
 Id. at 772, 109 S.Ct. at 1481 (citations and footnotes omitted). Because employee addresses say nothing about a federal agency's character or function, under Reporters Committee, the public interest side of the balance here carries little weight.[4]
 
 
 10
 The FLRA says the union's request is proper under FOIA because the addresses could be used not only for union information and recruiting, but also for contacting federal employees to learn something about the government. But with no allegation that the government might be operating irregularly, the union cannot establish public interest based on something so tenuous. "Mere speculation about hypothetical public benefits cannot outweigh demonstrably significant invasion of privacy." United States Dep't of State v. Ray, --- U.S. ----, ----, 112 S.Ct. 541, 549, 116 L.Ed.2d 526 (1991) (requestor based public interest in part upon hope that they or others might "be able to use that information to obtain additional information outside the government files"). In the light of the Reporters Committee opinion, we see no FOIA-related public interest that can be served by giving the union a listing of employee home addresses.
 
 
 11
 The FLRA also argues that because the request for information in Reporters Committee arose solely under FOIA, that decision does not control cases where the requestor has a separate statutory basis (such as the Labor Statute) to obtain disclosure of information from the government. When this separate statutory basis exists, the FLRA would have us ignore FOIA public interest concerns and instead consider the Labor Statute's public interest in fostering collective bargaining. See FLRA v. United States Dep't of the Navy, 966 F.2d 747 (3d Cir.1992) (en banc ) [hereinafter Third Circuit Dep't of Navy ]; FLRA v. United States Dep't of the Navy, 958 F.2d 1490 (9th Cir.1992) [hereinafter Ninth Circuit Dep't of Navy ]; FLRA v. United States Dep't of Commerce, 954 F.2d 994 (4th Cir.1992), vacated and reh'g en banc granted, 966 F.2d 134 (1992). But we find no authority for allowing Labor Statute principles to override FOIA principles and, in turn, the Privacy Act. Such an interpretation contravenes the Labor Statute's own rule that disclosure be allowed only "to the extent not prohibited by law." 5 U.S.C. § 7114(b)(4)(B). FOIA and the Privacy Act, in our view, prohibit the disclosure.
 
 
 12
 Congress specifically excluded certain statutes from the constraints of the Privacy Act, see, e.g., 5 U.S.C. §§ 552(b)(2) (FOIA), and 552a(b)(12) (Debt Collection Act, 31 U.S.C. 3711(f)), and could have excluded the Labor Statute had it so desired. The FLRA's argument would force the court to create this exception instead. See FLRA v. United States Dep't of the Treasury, 884 F.2d 1446, 1453 (D.C.Cir.1989) [hereinafter Dep't of Treasury ], cert. denied, 493 U.S. 1055, 110 S.Ct. 863, 107 L.Ed.2d 947 (1990). We decline to create an exemption when Congress did not.
 
 
 13
 With the public interest in home address disclosure eliminated, we are left with the other side of the balance: the privacy interest in a home address.[5] The FLRA says that a home address listing is one of the least private things about a person because it is often available in various directories or mailing lists. But frequently this kind of information is unavailable because the person has made a genuine effort to keep the information private--by getting an unlisted telephone number or asking to be removed from mailing lists. Just because information "is not wholly 'private' does not mean that a person has no interest in limiting disclosure or dissemination of the information." Reporters Committee, 489 U.S. at 770, 109 S.Ct. at 1480 (citation omitted).
 
 
 14
 If one does not want one's residence to be known, the importance of its being unknown seems to go to the core of privacy. Also, an address tells much more than just where a person lives. It is an indicator of one's choice of neighborhoods and one's affluence. See also Ninth Circuit Dep't of Navy, 958 F.2d at 1498 (Fernandez, J., dissenting) (address lists for union reveal that employee works for particular government agency, and depending on focus of union, what kind of work employee does). And "[a]lthough the purpose for which plaintiff seeks the requested information may be salutary, 'one need only assume that business people will not overlook an opportunity to get cheaply from the Government what otherwise comes dearly, a list of qualified prospects for all the special goods, services, and causes likely to appeal to [the group in question],' " Retired Officers Ass'n v. Department of Navy, 744 F.Supp. 1, 2 (D.D.C.1990), a proposition with which we are all the more concerned because the employee who does not wish his address released has limited means of preventing disclosure.[6]
 
 
 15
 For all these reasons, we think the privacy interest in a home address is important. And even if we found that interest to be minimal, it "cannot be outweighed by a public interest in disclosure--whatever its weight or significance--that falls outside of the FOIA-cognizable public interest in permitting the people to know what their government is up to." United States v. Department of the Navy, 941 F.2d 49, 57 (1st Cir.1991) [hereinafter First Circuit Dep't of Navy ]. We therefore agree with those circuits that have concluded that this information is exempt from FOIA disclosure because it does not comport with FOIA's chief requirement; disclosure is also prohibited by the Privacy Act. See FLRA v. United States Dep't of the Navy, 963 F.2d 124 (6th Cir.1992); FLRA v. United States Dep't of Veterans Affairs, 958 F.2d 503 (2d Cir.1992); United States Dep't of Navy v. FLRA, 975 F.2d 348 (7th Cir.1992); First Circuit Dep't of Navy, 941 F.2d at 57-58; Dep't of Treasury, 884 F.2d at 1453.
 
 
 16
 In a final bid to strike a balance favoring disclosure, the FLRA points out that private sector employers are required by law to release the addresses of bargaining unit employees to the union and argues that a discrepancy between federal and private sector unions for purposes of this type of disclosure is improper. Whatever our own view may be about this discrepancy, this kind of public policy consideration cannot overrule what we see as statutory requirements. Our job in this case is not to make policy, but to interpret the statutes.
 
 
 17
 In addition, parity is not required between federal sector and private sector employees; address disclosure is not the only area in which the two are treated differently. For example, federal employees cannot strike, see 5 U.S.C. § 7116(b)(7), or bargain over wages, see 5 U.S.C. §§ 7102(2), 7103(a)(14). See also Karahalios v. National Fed'n of Fed. Employees, Local 1263, 489 U.S. 527, 534, 109 S.Ct. 1282, 1287, 103 L.Ed.2d 539 (1989) (labor statute "is not a carbon copy of the NLRA, nor is the authority of the FLRA the same as that of the NLRB"); Social Security Admin. v. FLRA, 956 F.2d 1280, 1286 (4th Cir.1992) (federal labor statute "contains no indication that it is to be read in pari materia with" NLRA) (quoting Fort Stewart Schools v. FLRA, 495 U.S. 641, 648, 110 S.Ct. 2043, 2047, 109 L.Ed.2d 659 (1990)).
 
 
 18
 [P]ersons who work for the federal government have an interest in preserving control over dissemination of their employer identification and home addresses which is different and perhaps more substantial than private sector employees. Federal employees may often discover that they are regarded as the personification of Government policies and thus the unwilling targets of persons or groups who oppose those policies. One can reasonably conclude that Congress thought of this distinction when it specifically prohibited in the Labor Statute the disclosure of information protected by other laws, most notably the Privacy Act. There is no such general prohibition under the National Labor Relations Act governing the private sector.
 
 
 19
 Third Circuit Dep't of Navy, 966 F.2d at 773 (Rosenn, J., dissenting).
 
 CONCLUSION
 
 20
 The Naval Exchange committed no unfair labor practice when it refused to provide home addresses of bargaining unit employees. The FLRA's application for enforcement is DENIED.
 
 ATKINS, Senior District Judge, dissenting:
 
 21
 I respectfully dissent because I agree with the reasoning set forth in the recent opinions of the Third and Ninth Circuits. See FLRA v. United States Dep't of the Navy, 966 F.2d 747 (3rd Cir.1992) (en banc) [hereinafter Third Circuit Dep't of Navy ]; FLRA v. United States Dep't of the Navy, 958 F.2d 1490 (9th Cir.1992) [hereinafter Ninth Circuit Dep't of Navy ]. Most importantly, I agree with these circuits that where a union requests information from a federal agency pursuant to the Labor Statute, the case of Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989), does not limit our public-interest consideration to information revealing "what the government is up to," regardless of the purposes or identity of the requesting party. See Third Circuit Dep't of Navy, 966 F.2d at 757-58; Ninth Circuit Dep't of Navy, 958 F.2d at 1495-96. Moreover, given the union's purpose in requesting the information and the strong public interest in collective bargaining, see 5 U.S.C. § 7101(a)(1), I do not believe that "a balancing of individual privacy interests against the public interest in disclosure reveals that disclosure of the information constitutes a 'clearly unwarranted invasion of privacy.' " Cochran v. United States, 770 F.2d 949, 955 (11th Cir.1985) (quoting 5 U.S.C. § 552(b)(6)). Accordingly, I would enforce the FLRA's application for enforcement.
 
 
 
 *
 Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation
 
 
 [1]
 The charges alleged violations of 5 U.S.C. § 7116(a)(1), (5), and (8): interference with the employees' organization and bargaining rights, refusal to consult or negotiate in good faith with a labor organization, and otherwise failing or refusing to comply with the Federal Service Labor Management Relations Statute
 
 
 [2]
 The FLRA is not authorized to interpret either the Privacy Act or the Freedom of Information Act (FOIA); we therefore review disclosure requests that implicate these acts de novo. See United States Dep't of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 755, 109 S.Ct. 1468, 1472, 103 L.Ed.2d 774 (1989) (quoting 5 U.S.C. § 552(a)(4)(B))
 
 
 [3]
 Home addresses generally have been categorized as "similar files" at least potentially protected by exemption 6. See Reed v. NLRB, 927 F.2d 1249, 1251 (D.C.Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 912, 116 L.Ed.2d 812 (1992); National Ass'n of Retired Fed. Employees v. Horner, 879 F.2d 873, 874 (D.C.Cir.1989), cert. denied, 494 U.S. 1078, 110 S.Ct. 1805, 108 L.Ed.2d 936 (1990); Wine Hobby USA, Inc. v. IRS, 502 F.2d 133, 135 (3d Cir.1974)
 
 
 [4]
 Reporters Committee involved FOIA exemption 7(C) for law enforcement information and its application to "rap sheets," which are criminal identification records that include the subject's history of arrests, charges, convictions, and incarcerations. The Supreme Court has reaffirmed its position on FOIA requests in the context of exemption 6 in United States Dep't of State v. Ray, --- U.S. ----, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991). See also Hopkins v. United States Dep't of Housing and Urban Development, 929 F.2d 81, 86-88 (2d Cir.1991)
 
 
 [5]
 Courts have attributed a wide range of weights to the privacy interest inherent in one's home address. See FLRA v. United States Dep't of the Navy, 941 F.2d 49, 56 (1st Cir.1991) [hereinafter First Circuit Dep't of Navy ] (collecting cases calling privacy interest "significant," "minuscule," "cognizable," "strong," and "modest")
 
 
 [6]
 The question of what powers individual employees might have to stop disclosure by the union or to obtain remedies for disclosures by the union is not before us and does not determine the outcome of this case. We have thought about the question some, however. The Privacy Act provides for criminal liability for "[a]ny person who knowingly and willfully requests or obtains any record concerning an individual from an agency under false pretenses." See 5 U.S.C. § 552a(i)(3). As a penal provision, however, this section seems to provide no private right of action. See St. Michael's Convalescent Hospital v. California, 643 F.2d 1369 (9th Cir.1981). And a union's failure to articulate fully all of its future uses for the information is unlikely to rise to the level of "willful" and "knowing" misconduct. So, it is not plain to us that, for example, a union would be acting wrongfully by selling address information and using the proceeds for the benefit of the employees it represents
 The aggrieved employee who objects to release of his or her address may attempt to decertify the union. But to decertify, 30% of the members of the bargaining unit must allege that the union no longer represents the majority and must obtain permission to hold a decertification election from the FLRA. A majority of employees must then vote in favor of decertification. See 5 U.S.C. § 7111. An employee who cannot meet this substantial burden has no effective recourse against the union through decertification.
 Amicus National Treasury Employees Union suggests that the federal agency can restrict the union's use of the information by obtaining a promise of confidentiality before release or as part of a collective bargaining agreement. This kind of agreement has been upheld in the private sector. See NLRB v. New England Newspapers, Inc., 856 F.2d 409, 414 (1st Cir.1988). But public and private sector labor law do not parallel each other in all respects, see infra; more important, this argument ignores Reporters Committee's finding that neither the purposes for which the request is made nor the "identity of the requesting party has [any] bearing on the merits of his or her FOIA request." Reporters Committee, 489 U.S. at 771, 109 S.Ct. at 1480. So, probably neither this court nor the federal employer could limit release solely to a particular requester once that release was found to be lawful under FOIA. Because we doubt that the union's release of addresses to a third party would constitute an unfair labor practice, the FLRA's powers to take "such other action as may carry out the purpose of [the labor statute]," 5 U.S.C. § 7118(a)(7), would also appear to be unavailable.