984 F.2d 370
 142 L.R.R.M. (BNA) 2348, 61 USLW 2500
 FEDERAL LABOR RELATIONS AUTHORITY, Petitioner/Cross-Respondent,
v.
UNITED STATES DEPARTMENT OF DEFENSE, ARMY AND AIR FORCE
EXCHANGE SERVICE, DALLAS, TEXAS; United States Department
of Defense, Army and Air Force Exchange Service, Fort
Leavenworth, Kansas, Respondents/Cross-Petitioners,
American Federation of Government Employees (AFGE), Intervenor,
National Treasury Employees Union, Amicus Curiae.
FEDERAL LABOR RELATIONS AUTHORITY, Petitioner/Cross-Respondent,
v.
UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, WASHINGTON,
D.C.; United States Department of Veterans
Affairs, Medical Center, Denver,
Colorado, Respondents/Cross-Petitioners,
American Federation of Government Employees (AFGE), Intervenor.
FEDERAL LABOR RELATIONS AUTHORITY, Petitioner/Cross-Respondent,
v.
DEPARTMENT OF INTERIOR, Respondent/Cross-Petitioner.
FEDERAL LABOR RELATIONS AUTHORITY, Petitioner/Cross-Respondent,
v.
UNITED STATES DEPARTMENT OF THE AIR FORCE, TACTICAL AIR
COMMAND, 27TH COMBAT SUPPORT GROUP (TAC), CANNON
AIR FORCE BASE, NEW MEXICO,
Respondent/Cross-Petitioner.
FEDERAL LABOR RELATIONS AUTHORITY, Petitioner/Cross-Respondent,
v.
FEDERAL AVIATION ADMINISTRATION, AVIATION STANDARDS NATIONAL
FIELD OFFICE, AIRCRAFT AND ENGINEERING DIVISION,
OKLAHOMA CITY, OKLAHOMA,
Respondent/Cross-Petitioner.
 Nos. 90-9561, 90-9569, 90-9562, 90-9570, 90-9572, 90-9578,
90-9573, 90-9579, 91-9509 and 91-9517.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 20, 1993.
 
 Pamela P. Johnson (William E. Persina, Solicitor, William R. Tobey, Deputy Sol., with her, on the brief), Federal Labor Relations Authority, Washington, D.C., for Federal Labor Relations Authority.
 Sandra Wien Simon (Leonard Schaitman and Stuart M. Gerson with her, on the brief), U.S. Dept. of Justice, Civil Div., Appellate Staff, Washington, D.C., for the U.S. Dept. of Defense and other U.S. agencies.
 Stuart A. Kirsch and Mark D. Roth, American Federation of Government Employees, AFL-CIO, Washington, D.C., for intervenor.
 Gregory O'Duden and Elaine Kaplan, Nat. Treasury Employees Union, Washington, D.C., for amicus curiae.
 Before BALDOCK and KELLY, Circuit Judges, and CAUTHRON, District Judge.*
 BALDOCK, Circuit Judge.
 
 
 1
 The sole issue in these consolidated appeals is whether federal agencies are required to release their employees' home addresses[1] to the unions which are the exclusive representatives of the employees' bargaining units. Virtually every federal circuit court of appeals has addressed this issue within the last few years, and a split has emerged. The District of Columbia Circuit, as well as the First, Second, Sixth, Seventh and Eleventh Circuits, have held that disclosure of federal employees' home addresses is prohibited by law. See FLRA v. U.S. Dep't of Defense, 977 F.2d 545 (11th Cir.1992) [hereinafter Eleventh Circuit Defense ]; United States Dep't of the Navy v. FLRA, 975 F.2d 348 (7th Cir.1992) [hereinafter Seventh Circuit Navy ]; FLRA v. Department of the Navy, 963 F.2d 124 (6th Cir.1992) [hereinafter Sixth Circuit Navy ]; FLRA v. United States Dep't of Veterans Affairs, 958 F.2d 503 (2d Cir.1992) [hereinafter Second Circuit Veterans ]; FLRA v. U.S. Dep't of the Navy, 941 F.2d 49 (1st Cir.1991) [hereinafter First Circuit Navy ]; FLRA v. U.S. Dep't of the Treasury, 884 F.2d 1446 (D.C.Cir.1989), cert. denied, 493 U.S. 1055, 110 S.Ct. 863, 107 L.Ed.2d 948 (1990) [hereinafter D.C. Circuit Treasury ]. The Ninth, Third and Fifth Circuits have held that federal unions are entitled to the addresses of their bargaining unit employees. See FLRA v. United States Dep't of Defense, 975 F.2d 1105 (5th Cir.1992) [hereinafter Fifth Circuit Defense ]; FLRA v. U.S. Dep't of the Navy, 966 F.2d 747 (3d Cir.1992) (en banc ) [hereinafter Third Circuit Navy ]; FLRA v. U.S. Dep't of the Navy, 958 F.2d 1490 (9th Cir.1992) [hereinafter Ninth Circuit Navy ]. The Fourth Circuit has vacated its 2-1 panel decision, which enforced disclosure of federal employees' home addresses, pending a rehearing en banc. FLRA v. Department of Commerce, 954 F.2d 994 (4th Cir.), vacated, 966 F.2d 134 (4th Cir.1992) [hereinafter Fourth Circuit Commerce ]. We have jurisdiction under 5 U.S.C. § 7123(a) and (b), and we join the majority of the circuits in holding that disclosure of federal employees' home addresses is prohibited by law, denying enforcement of the Federal Labor Relations Authority (FLRA) decisions ordering disclosure.
 
 
 2
 Under the Federal Service Labor-Management Relations Statute (the Labor Statute), 5 U.S.C. §§ 7101-7135, a federal agency must furnish to the exclusive bargaining representative information which is "normally maintained by the agency in the regular course of business," which is "reasonably available and necessary for full and proper discussion, understanding, and negotiation of subjects within the scope of collective bargaining," and which is "not prohibited by law." 5 U.S.C. § 7114(b)(4).[2] It is undisputed that the home addresses of agency employees are "normally maintained by the agency in the regular course of business." Therefore, we are faced with two issues: (1) whether the home addresses of federal employees are "necessary" for collective bargaining; and (2) whether disclosure is prohibited by law.
 
 
 3
 Because the Labor Statute does not speak to the issue of whether the addresses of federal employees are "necessary" for collective bargaining, we must determine whether the FLRA's interpretation, that the name and address list is necessary for collective bargaining, is "based on a permissible construction of the statute." Chevron U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837, 842-43, 104 S.Ct. 2778, 2781-82, 81 L.Ed.2d 694 (1984). In Farmers Home Administration Finance Office, St. Louis, Missouri, 23 F.L.R.A. (No. 101) 788, 796 (1986), the FLRA outlined its reasons for finding the name and address list to be necessary:
 
 
 4
 [W]e find that the mere existence of alternative means of communication is insufficient to justify a refusal to release the information. Further, we find that it is not necessary for us to examine the adequacy of alternative means in cases involving requests for ... home addresses because the communication between unit employees and their exclusive representative which would be facilitated by release of ... home addresses [sic] information is fundamentally different from other communication through alternative means which are controlled in whole or in part by the agency. When using direct mailings, the content, timing, and frequency of the communication is completely within the discretion of the union and there is no possibility of agency interference in the distribution of the message. Further, direct mailings reach unit employees in circumstances where those employees may consider the union's communication without regard to the time constraints inherent in their work environments, and in which any restraint the employee may feel as a result of the presence of agency management in the workplace is not present. We find that the ... home addresses of unit employees are necessary and should be provided whether or not alternative means of communication are available.
 
 
 5
 Id. at 796-97. See also United States Dep't of the Navy, Portsmouth Naval Shipyard v. International Federation of Professional & Technical Engineers, Local 4, 37 F.L.R.A. 515, 523 (1990). Giving due deference to the FLRA's interpretation of its own enabling statute, the Labor Statute, and finding that the interpretation is based on a permissible construction of the statute, Chevron U.S.A., Inc., 467 U.S. at 842-43, 104 S.Ct. at 2781-82, we conclude that the disclosure of employee home addresses is "necessary" for the collective bargaining process under § 7114(b)(4). See Second Circuit Veterans, 958 F.2d at 507-08; D.C. Circuit Treasury, 884 F.2d at 1449.
 
 
 6
 The final inquiry for determining whether the FLRA is entitled to disclosure of federal employee home addresses is an examination of whether the request is "prohibited by law." The Privacy Act generally prohibits disclosure of personnel information of federal employees without their consent, and lists exceptions to this general prohibition. 5 U.S.C. § 552a(b).[3] The FLRA does not dispute that the home addresses of federal employees are protected by the Privacy Act's general prohibition but asserts that the disclosure falls within two Privacy Act exceptions. The two exceptions the FLRA asserts as applicable are the exception for information requested under the Freedom of Information Act (FOIA) and the exception for information disclosed for "routine use." 5 U.S.C. § 552a(b)(2) and (3).
 
 
 7
 Although the FLRA was entitled to due deference with regard to its interpretation of the Labor Statute, it is not entitled to such deference with regard to the Privacy Act and FOIA, because these statutes are not within the FLRA's area of expertise. Therefore, we review the FLRA's interpretations of these two statutes de novo. See Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 755, 109 S.Ct. 1468, 1472, 103 L.Ed.2d 774 (1989) [hereinafter Reporters Committee ] ("[u]nlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo' "). See also Seventh Circuit Navy, 975 F.2d at 351; Ninth Circuit Navy, 958 F.2d at 1493-94; First Circuit Navy, 941 F.2d at 55; D.C. Circuit Treasury, 884 F.2d at 1451.
 
 
 8
 FOIA, 5 U.S.C. § 552, generally requires disclosure of information but exempts information in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Id. at § 552(b)(6). To determine whether disclosure constitutes a "clearly unwarranted invasion of personal privacy," we must balance the harm to the individual whose privacy interest is breached against the public interest served by disclosure. See Department of the Air Force v. Rose, 425 U.S. 352, 372, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11 (1976); Andrews v. Veterans Administration of the United States, 838 F.2d 418, 422 (10th Cir.), cert. denied, 488 U.S. 817, 109 S.Ct. 56, 102 L.Ed.2d 35 (1988).
 
 
 9
 Although this circuit has not addressed the issue of whether individuals have a privacy interest in their home addresses, other circuits have held that such a privacy interest exists. Multnomah Co. Medical Society v. Scott, 825 F.2d 1410, 1415-16 (9th Cir.1987); Heights Community Congress v. Veterans Administration, 732 F.2d 526, 529 (6th Cir.), cert. denied, 469 U.S. 1034, 105 S.Ct. 506, 83 L.Ed.2d 398 (1984); United States v. Liebert, 519 F.2d 542, 548 (3d Cir.), cert. denied, 423 U.S. 985, 96 S.Ct. 392, 46 L.Ed.2d 301 (1975); Wine Hobby USA, Inc. v. Internal Revenue Service, 502 F.2d 133 (3d Cir.1974). These circuits have given varying degrees to that privacy interest, from "minimal" to "weighty." Multnomah, 825 F.2d at 1416 (privacy interest in one's home address is "more than minimal"); Heights Community, 732 F.2d at 529 (privacy interest in one's home address is an "important privacy interest"); Liebert, 519 F.2d at 548 (privacy interest in one's home address is a "weighty interest"); Wine Hobby, 502 F.2d at 137 (privacy interest in one's home address is "not as strong" as other interests considered by the circuit to date). Moreover, the majority of circuits that have examined the precise issue before this court today have determined that federal employees possess more than a de minimus privacy interest in their home addresses. See, e.g., Seventh Circuit Navy, 975 F.2d at 353; Third Circuit Navy, 966 F.2d at 754; Ninth Circuit Navy, 958 F.2d at 1496; D.C. Circuit Treasury, 884 F.2d at 1453.
 
 
 10
 This privacy interest must be balanced against the public interest served by disclosure of the employees' home addresses. As the D.C. Circuit observed, the Supreme Court's recent decision in Reporters Committee, 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989),[4] limits the public interest inquiry to the specific public interest that FOIA was enacted to serve--i.e., "ensur[ing] that the Government's activities be opened to the sharp eye of public scrutiny." Id. at 774, 109 S.Ct. at 1482. See also D.C. Circuit Treasury, 884 F.2d at 1452-53. Because disclosure of federal employees' home addresses has nothing to do with public scrutiny of government activities, "there is no relevant public purpose to be weighed" against the invasion of federal employee privacy. Second Circuit Veterans, 958 F.2d at 513. Therefore, even a "minimal" privacy interest in an employee's name and home address outweighs a nonexistent public interest, id., and we join the D.C., First, Second, Sixth, Seventh, and Eleventh Circuits in concluding that the FOIA exception to the Privacy Act does not allow disclosure.[5] Id.
 
 
 11
 The only other Privacy Act exception to presumed nondisclosure asserted by the FLRA is the reasonable use exception. In order to fall within the reasonable use exception, disclosure must be "compatible with the purpose for which [the information] was collected," 5 U.S.C. § 552a(a)(7), and be in accordance with a routine use notice published by the agency in the Federal Register, which describes the routine use, the categories of users, and the purpose of such use, 5 U.S.C. § 552a(e)(4)(D). The applicability of this exception turns on the interpretation of a routine use notice published by the Office of Personnel Management (OPM), which maintains "Official Personnel Files" that contain federal employees' home addresses. See First Circuit Navy, 941 F.2d at 58-60. OPM has promulgated the following routine use notice:
 
 
 12
 j. To disclose information to officials of labor organizations recognized under 5 U.S.C. Chapter 71 when relevant and necessary to their duties of exclusive representation concerning personnel policies, practices, and matters affecting working conditions.
 
 
 13
 Privacy Act of 1974; Publication of Notices of Systems of Records and Proposed New Routine Use, 49 Fed.Reg. 36,949, 36,956 (Sept. 20, 1984) (emphasis added). In light of this routine use notice, we must now inquire into the meaning of "relevant and necessary." OPM defines "relevant" as requiring that "the nature of the information [must bear] a traceable, logical, and significant connection to the purpose to be served," and defines "necessary" as requiring that there be "no adequate alternative means or sources for satisfying the union's information needs."[6] Office of Personnel Management, FPM Letter 711-164 (Sept. 17, 1992). Because OPM is interpreting its own regulation or notice, we must defer to its interpretation unless it is "plainly erroneous or inconsistent" with that regulation or notice. See Robertson v. Methow Valley Citizens Council, 490 U.S. 332, 359, 109 S.Ct. 1835, 1850, 104 L.Ed.2d 351 (1989). See also Second Circuit Veterans, 958 F.2d at 514; D.C. Circuit Treasury, 884 F.2d at 1454. Therefore, federal employees' home addresses are not available under the Privacy Act's routine use exception, unless it is shown that alternative means of communication are inadequate. Because the FLRA has made "no such showing" in this case and "has previously conceded that such alternative means do exist," Second Circuit Veterans, 958 F.2d at 515-16 (quoting Farmers Home, 23 F.L.R.A. at 796), we hold that the routine use exception to the Privacy Act does not allow disclosure.
 
 
 14
 The petitions for review by the United States Department of Defense and other United States Agencies are GRANTED, and the FLRA's applications for enforcement of its disclosure orders are DENIED.
 
 
 
 *
 Honorable Robin J. Cauthron, District Judge for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 The petitions for review filed in these consolidated cases involve the release of home addresses only. Although the Federal Labor Relations Authority (FLRA) decisions and orders involved the release of names as well as addresses, names and duty stations of federal employees are available to the general public pursuant to 5 C.F.R. 293.311(a)(1), (5)
 
 
 [2]
 Relevant portions of 5 U.S.C. § 7114(b) read as follows:
 (b) The duty of an agency and an exclusive representative to negotiate in good faith under subsection (a) of this section shall include the obligation ...
 (4) in the case of an agency, to furnish to the exclusive representative involved, or its authorized representative, upon request and, to the extent not prohibited by law, data--
 (A) which is normally maintained by the agency in the regular course of business;
 (B) which is reasonably available and necessary for full and proper discussion, understanding, and negotiation of subjects within the scope of collective bargaining; and
 (C) which does not constitute guidance, advice, counsel, or training provided for management officials or supervisors, relating to collective bargaining; ...
 
 
 [3]
 The relevant portions of the Privacy Act, 5 U.S.C. § 552a(b)(2) and (3), provide as follows:
 (b) Conditions of Disclosure. No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless the disclosure of the record would be ...
 (2) required under section 552 of this title [FOIA]; [or]
 (3) for a routine use as defined in subsection (a)(7) of this section and described under subsection (e)(4)(D) of this section; ...
 
 
 [4]
 In Reporters Committee, the media requested rap sheets under FOIA. The FBI denied the request, relying in part on FOIA's exemption for "records ... compiled for law enforcement purposes," the disclosure of which could reasonably be expected to constitute an "unwarranted invasion of personal privacy." 489 U.S. at 756, 109 S.Ct. at 1472 (citing 5 U.S.C. § 552(b)(7)(C)). The Supreme Court defined the public interest in rap sheet disclosure, stating that "FOIA's central purpose is to ensure that the Government's activities be opened up to the sharp eye of public scrutiny, not that information about private citizens that happens to be in the warehouse of the Government be so disclosed." Id. at 774, 109 S.Ct. at 1482. The Court further stated that FOIA's purpose, to allow citizens to know "what their government is up to," is not "fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct." Id. at 773, 109 S.Ct. at 1481. In conclusion, the Court found that because the rap sheet's disclosure would reveal no information regarding federal agency activities, no public interest cognizable under FOIA existed to be balanced against the privacy invasion likely to result from such disclosure. See id. at 773-75, 109 S.Ct. at 1481-83
 
 
 [5]
 The FLRA argues that Reporters Committee should not be applied in this case because the union requested disclosure under the Labor Statute, whereas the rap sheet request in Reporters Committee was made directly pursuant to FOIA. "The problem with this approach ... is that the Labor [Statute] itself by authorizing disclosure 'not prohibited by law' directs us to the Privacy Act, which in turn directs us to FOIA." Seventh Circuit Navy, 975 F.2d at 354 (citing D.C. Circuit Treasury, 884 F.2d at 1457 (Ginsburg, J., concurring)). Although the Privacy Act contains an exception to its general rule against disclosure for information available under FOIA, neither the Privacy Act nor FOIA makes a further exception for information requests that originate under another federal statute, such as the Labor Statute. Id. " 'We do not believe we are entitled to engage in the sort of imaginative reconstruction that would be necessary to introduce collective bargaining values into the FOIA balancing process.' " Id. at 354-55 (quoting D.C. Circuit Treasury, 884 F.2d at 1453)
 
 
 [6]
 Prior to September 17, 1992, OPM's only interpretation of "relevant and necessary" was contained in its amicus brief in D.C. Circuit Treasury, which also stated that "[a] major component in determining the labor organization's need for the names and home addresses of bargaining unit employees is whether adequate alternative means exist for contacting them." OPM Amicus Brief to the FLRA at 9 (July 14, 1986) (provided in Addendum E to the Brief of the United States Department of Defense). By subsequent letter to Assistant Attorney General Richard Willard dated June 25, 1987, then-Director of OPM, Constance Horner, adopted the amicus brief interpretation, stating that "[i]f adequate alternative means exist for communicating with bargaining unit employees, disclosure of home addresses is not 'necessary,' and the routine use does not apply." Letter of OPM Director Horner (June 25, 1987) (provided in Addendum F to the Brief of the United States Department of Defense). The en banc court in Third Circuit Navy, which enforced address disclosure, had only the 1986 amicus brief and the 1987 director's letter before it in deciding whether OPM had a definitive interpretive rule to which to defer. The Third Circuit stated that "until the OPM publishe[d] its interpretation in a manner sufficient to place the public on notice of both the existence and content of that interpretation," it would not defer to the OPM's interpretation. Third Circuit Navy, 966 F.2d at 762. In today's decision, however, we are not confronted with the same problem that faced the Third Circuit, because the OPM placed the public on notice of its position in its September 17, 1992 letter. See Office of Personnel Management, FPM Letter 711-164 (Sept. 17, 1992)